First case on the call is Papal v. Bequette. Council ready to proceed? Case number 5-12-0311. May it please the court. Counsel. My name is Maggie Heim and I represent the defendant, Mr. Bequette, in this matter. Mr. Bequette pled guilty to unlawful possession of a firearm by a felon. He was ultimately sentenced to 6 years in prison for this. I'll be focusing my oral presentation on Issue 1, which deals with sentencing errors. Which one? The issue of what, I'm sorry? I'll be focusing on Issue 1, which dealt with the sentencing errors. So there was a special urgency to Issue 1 because the chance to provide real relief for any sentencing errors that you find is quickly passing. Mr. Bequette is due to be released in June of this year, and he has not yet had a fair sentencing hearing. Simply put, the problem with the hearing that Mr. Bequette did receive is that the trial court relied on factual inaccuracies and on speculation in aggravating Mr. Bequette's sentence. The court was direct and explicit about what it was considering, and in one case the record clearly shows that the court was relying on a mistake of fact. I'll be focusing on this mistake of fact error in isolation because it simplifies the decision that's before you as far as a request for a new sentencing hearing. Let me ask you this. Is it true there were no objections made during the sentencing hearing? Uh, that is true. There were no objections to these errors. And there was no motion, nothing raised in a post-trial motion, or the motion to reduce the sentence? Uh, the motion was not raised in the motion to reduce that. So what's our, what happened? Excuse me. So in People v. Whitney, I'm asking that you review this in their plain error. Plain error. In People v. Whitney is a plain error case where there was a similar mistake of fact that was explicitly relied on by the trial court. And there the appellate court vacated the sentence from remand hearing, and in reviewing it under plain error, it said that reliance on an unsubstantiated factor, a factor without evidence, is so serious that it undermines the very integrity of our system. And the Supreme Court in People v. Lewis also said that relying on something without evidentiary support, it denies the defendant fundamental fairness. So I think this is a case where when you have not only something that's maybe inaccurate, but is on the record false, I think that's a serious enough problem that it's worth reviewing under plain error. And which particular item are you referring to was absolutely false? Sure. Uh, so this first error is the reliance on a factually inaccurate probation history. So in the court's words, the court explicitly took note of probation history and noted a pattern of conduct in which, quote, practically every time Mr. McButt was placed on probation, his probation was revoked. And this is just not true. It's directly contradicted by the PSI, which shows only one revocation. There were multiple other times that Mr. McButt was placed on probation, but there are no other revocations noted. So the sentencing court just got this wrong and was necessarily relying on nonexistent revocations when judging Mr. McButt's character for rehabilitation and for punishment. Now, the others that were inappropriately considered related to late payment of fines, is that correct? So that's actually the same error. The state's argument in response to me pointing out that there was only one revocation was that, or I think this is right. The petitions to revoke that were filed were premised on late payment. But there were petitions and he was in error that they were revoked. Well, so there is a problem with that argument. The state pointed to these five petitions, all premised on failure to pay. I think the first thing to point out is that not one of those petitions ended in a final revocation. But they were all delinquent. Well, so the first point I want to make is that the court was inaccurate still in terming those. Why don't I just answer my question, that they were all delinquent. So I think in order to revoke probation on the basis of a failure to pay. I'm not asking that, I'm just saying were they delinquent? The payments were later than the date they were originally due. They were delinquent, that's what you're saying. Right, but there was no proof that there was wrongdoing. I don't know if calling them delinquent implies there was wrongdoing. They were late. Sure. So, I think it's important to recognize that a failure to pay timely restitution does not include any proof of wrongdoing. In order for there to be proof of wrongdoing in paying your restitution late in probation, there has to be actual proof of willfulness. And that's how you get to the final revocation stage. But you're not violating a court order. Well, the court has to. We don't know that the court didn't modify the repayment plan when he went in. No, but I mean generally, the only way that you're going to get a fine for restitution is if a court orders it. And if you don't pay by a certain date, you would agree that's a violation of a court order. I think it is technically a violation of a court order. The court is required by the federal constitution and by Illinois constitutional law to modify that repayment plan. Unless they can show that it was willfulness. Because the alternative would mean that a probationer who might be struggling to pay his restitution on time, but is unable to simply because of indigence, would have a probationer revoked and be contempt of court for violating a court order. And that's simply not allowed. Because then you'd be saying you violated a court order because you're poor. You know, that's just not what the law is. Is that in the constitution? 14? Is that what you're arguing? Right. It's a due process clause. And we cite to the cases. So it's near to me, Georgia, is the federal case that it comes out of. I think we also cite it to the Illinois. And they all cite to the constitution? For sure. They do. They do? Okay. So I think it's also important to recognize that a petition to revoke is even one premise on failure to pay restitution on time, is still nothing more than a bare allegation of wrongdoing. The check might have not been there on the day, but there has been no proof of wrongdoing yet. All of this is a bare allegation. And the state seems to miss this basic concept in their argument on appeal. So to equate this initial petition to a final revocation, which the state's argument does what the trial court did, that's the same as equating an arrest to a conviction. And it's very, you know, well settled that you cannot consider a bare arrest in sentencing. You have to have some proof or evidence of the underlying conduct. Here, the only proof or evidence we have of these petitions to revoke and the underlying conduct is that they were filed and they were concluded without revocation. That is zero support for the idea that Mr. McQuade was willful in failing to pay on time. And it's zero evidence of any wrongdoing. What about the fact that the judge also relied on things like weapons found during search warrants? You're not saying that's error, are you? Well, when you're looking at improper factors in sentencing, reliance on even one improper factor is an abuse of discretion, and the underlying sentence should not be affirmed unless the weight placed on that factor is so insignificant that it in no way influences the sentence. I agree with you. And so how are we to know, in this case, especially within the plain error doctrine, where the evidence doesn't seem closely balanced since he pled guilty, how are we supposed to know that the judge placed all the emphasis or the great weight of the emphasis on the error that you're talking about? Okay, so there are a couple of things. Okay. He does not, the judge does not need to place all of his emphasis or most of his emphasis. In fact, the judge places most of his emphasis on another factor. If there was any weight placed, any not insignificant amount of weight placed on an improper factor, then that sentence should not be affirmed by a court of review. So it could be minimal weight, any weight. Just the fact that it's there. The rule comes from Heider's Supreme Court case, and the rule is, unless the reviewing court can determine from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence. And one other thing, as far as the evidence being closely balanced, we're not talking about the evidence of his guilt or innocence. We're talking about the evidence in aggravation and in mitigation. So what's his potential for rehabilitation? What's the chance he's going to go out and commit a violent crime tomorrow? And I think that was closely balanced. The last felony of any kind was in 1997. There was a long break in the criminal history. The sentencing court recognized that there was a long break. But we don't have to just look at the felonies when we're talking about the considerations of his other character flaws, we might say. The court could consider those. The court certainly could. It did. But I think this is one where this is not a – the evidence in mitigation, there was certainly evidence in mitigation, and the court seemed to recognize that the criminal history was dated. Well, there was some criminal history. So there were things on both sides of the scale. But I also want to point out that, particularly as it relates to the factual inaccuracy that was relied on, we're arguing for plain error predominantly under prong two, which is integrity of the justice system and fundamental fairness to the defendant. So that doesn't require that the evidence in mitigation and aggravation be closely balanced. The Supreme Court has looked at sentencing errors under prong two of the plain error doctrine, and we've pointed to People v. Whitney, which is the case where the court mistook a pending burglary charge as a prior burglary conviction. And the appellate court said relies on an unsubstantiated factor undermines the integrity of the justice system. So we're going to reach this, and we're going to vacate it and remand it for a new sentencing hearing before a different judge. Thank you, counsel. Your Honors, counsel, the defendant pled guilty. He didn't raise this. There was no objection, and he didn't raise this. The Supreme Court Rule 644D requires that appeal. Any issue not raised by the defendant in the motion to reconsider sentence shall be deemed waived. This court should find the defendant has waived these alleged errors. But this court has the option in its discretion to review alleged errors under Rule 615. And should this court decide to do so, the people will address the issue. In order to determine whether plain error applies, the first thing is that the evidence must be closely balanced. And the evidence we're talking about is not the evidence of his guilt, but we're talking about the evidence at the sentencing hearing. And that evidence was not closely balanced. So the first prong of the plain error rule, the defendant fails to show that. The defendant has several forgeries, four or five. He has 24 counts of deceptive practices. He's been convicted of escape and grand theft in Florida. He also has a conviction for cruelty to animals. That is not a felony, but it does go to his character. At a sentencing, well, and then in addition to that, there was other evidence presented at the sentencing hearing in aggravation. The defendant claims in the PSI that he can only walk 15 to 20 feet without having to sit down. But the evidence at the sentencing hearing showed that he can work with duty, his employee, 45 minutes to unload a truck. And he had given an affidavit to the court explaining what his assets and income was and claimed that his only income was $512 from disability. And yet the evidence at the sentencing hearing showed that he engaged in several businesses, that he operates on a cash basis. He pays his employees, several of them, in cash. He engages in some kind of flea market. He engages by which he gets income, and he also does scrapping and tears down buildings. So obviously he's not an honest person about his income. He apparently- Did he post bond very readily? Did he post bond very readily? Yes, he did. Apparently he borrowed that from his stepfather. There is that. He made statements admitting that, well, when he was confronted by Jody about his other income from demolishing houses while being on disability, she told him that this was a fraud, and he says, well, what they don't know doesn't hurt them. So, I mean, he has bad character for dishonesty. He apparently also has a side business making pornography, which he sells, with his wife. Let's see. Do you agree that with the defender that the fact that the court considered anything improper is a basis for reversal? No, no. Because it does seem that from the record that there was this weighing. I mean, he did find, the judge did find some good things. I mean, it does seem there was some weighing. It's just there were a lot of bad things. Yeah. But, you see, you don't even get to looking at the error until you get past the closely balanced prong. Well, but you're saying you're going under the other prong. Okay. Okay, so we're past that, but do you think that her argument that it was even minimally considering this deserves and demands a reversal? The court's statements have to be taken in context, and they can't be taken out of context to overthrow a sentence. The court made a comment about the defendant having a pattern of conduct. It says, it's interesting to note a pattern of conduct by Mr. Baquette that he's placed on probation in practically every offense for which he's been charged, except for the latest sentence where he was placed on court supervision. And he goes, and then I'm skipping a little bit, and it says in practically every other time that he was placed on probation, his probation was revoked. In other words, he has a history of failure to complete probation. And the choice of the term revoked, if you take that out of context, it could be seen as an error. But the court is looking at the whole character of this defendant, who's always skating on the edge, and he's always trying to game the system, and he's obviously referring to the fact that the defendant had failed to pay fines that he was required to pay on time. And that the petitions to revoke were brought in all of these cases. They were concluded, but nonetheless, technically, there'd be no reason to revoke probation when he's finally coughed up the money. But nonetheless, this goes to his character. This is what the court is driving at. And his probation was revoked in Florida. Which offense was the Florida offense, do you know? It was grand theft. The grand theft auto? Grand theft. No? Wasn't auto? Just grand theft? I don't know. I don't know. It's an automobile. I think it had to do with badge tax. OK. I don't think it was an automobile. But in any event, the court's looking at this man's overall character and conduct. And it was appropriate for the court to also consider the testimony that was brought out at the sentencing about his working several additional jobs than the affidavit evidence. The court has broad discretion in sentencing. And the court has to look at every aspect that bears on a defendant's character and his potential for rehabilitation. And the fact that he solicited her or assaulted her for sexual gratification, apparently. And the court, talking about the search warrant issue, the court is not penalizing the defendant because he challenged the search warrant or wanted to. What he's talking about is the defendant is likely to re-offend by committing this particular crime. Because in the PSI, it talks about the defendant does not believe that the law is right. And he thinks that felons who haven't been convicted of violent crimes ought to be able to possess weapons. So his attitude is that he's just going to be more careful next time. And he's going to make sure that people he doesn't want to know that he has guns don't know. And that the state won't be able to catch him. That's the court's point of view about that. And the court didn't believe the defendant was forthcoming about his income. And the court didn't believe that the defendant was as disabled as he says he was. Because the court talks about tearing down houses and being involved in other businesses. All of this was proper for the court to consider. And it's only if you take the court's statement about probation revocation out of context that you can find error. But in any event, looking at the overwhelming nature of the evidence in aggravation at the sentencing hearing, it can't have had that much of an influence on the court's sentence. The court, by the way, declined to impose an extended ten-year sentence on this defendant. If the court was biased, the court could have really thrown a book at him, but the court did not. So I mean this idea that the court was biased because it perhaps talked about the defendant probably having- Thank you, counsel. Thank you. Rebuttal. So I think the main thing is that plain error, pronged to, is available for sentencing issues. People v. Lewis is the case that says a sentence lacking evidentiary support undermines the integrity and the justice of the judicial system. And it vacates a fine on the basis of pronged to and plain error. People v. Whitney looks at pronged to. That's the case I already spoke about a little bit, where the court made a mistake back to the defendant's criminal history. And the appellate court vacated under pronged to of a plain error doctrine. The appellate counsel made a comment about a side business selling pornography. And I just want to say that I'm pretty sure the only testimony about that is that the defendant told Jody Beving, the employee who complained of sexual assault, that she could make money if she wanted to. I don't know if that was a terrible way of hitting on someone. That does not support that he has a side pornography business. I think this is the same type of speculation that went on throughout the entire sentencing hearing below. I would like to talk a little bit about the extra income. Because this is an area that obviously, I think this is what really set the court against my client on April 11th when they vacated the public defender. And the record just doesn't have clear findings on there being extra income. There's that suspicion that's formed in April. There's the court admitting that there's spurious evidence when imposing the public defender fee. And there's the state admitting in its closing that it never got financial records from Mr. Burklett. I think it's really important to recognize that the sentencing court used both the lack of income and the excess of income against Mr. Burklett at sentencing. So in finding that there were no dependents to mitigate the sentence, the court said, quote, well, he doesn't really have dependents as such. He is, in fact, the dependent. The testimony of his girlfriend is that he, the work he does is actually costing him money. And then later, the court says, frankly, I believed all along that Mr. Burklett, although evidence was spurious, Mr. Burklett had access to resources by which he could have hired his own attorney. And there's another point where the court says, I have no idea at this point what his income is. And there was a solution to this problem. The court could have held a hearing on Mr. Burklett's financials. It could have had him fill out the affidavit in April 2011 when it vacated the public defender. It could have made him bring in fake statements. It could have had a hearing when it imposed the public defender reimbursement. We could have real information on what his income is. And the reason we don't have it is because I just don't think the sentencing court was keeping its eye on the fact that there has to be some reliable and relevant evidence to support these beliefs. The fact that a trial court held the belief isn't enough. You can't give deference to that. There is some borderline to the discretion that trial courts wield at sentencing. And that's a reliable and relevant evidence standard. And again, I think the state is still referring to these petitions as though they are evidence of wrongdoing. I really want to emphasize, a petition is a bare allegation of wrongdoing. It cannot be used as proof of underlying conduct that is wrongful. It just can't. There are no other questions. Thank you, counsel. The court will be in recess until 2.15.